UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,

    -against-                        **MEMORANDUM AND ORDER**

                                       10-CR-627 (KAM)

COURTNEY DUPREE, THOMAS FOLEY, AND
RODNEY WATTS,

                  Defendants.
-----------------------------------X

**MATSUMOTO, United States District Judge:**

Defendants Courtney Dupree ("Dupree"), Thomas Foley ("Foley") and Rodney Watts ("Watts") (together, "defendants") are charged together in three counts, Watts is charged in four counts, and Dupree is charged in all five counts of a five-count superseding indictment. (*See* ECF No. 155, Superseding Indictment ("Superseding Indictment").) Count One charges all defendants with Conspiracy to Commit Bank, Mail and Wire Fraud in violation of 18 U.S.C. §§ 1349, 3551 *et seq.* (*Id.* at ¶¶ 17-18.) Count Two charges all defendants with Bank Fraud in violation of 18 U.S.C. §§ 1344, 2, 3551 *et seq.* (*Id.* at ¶¶ 19-20.) Count Three charges defendants Dupree and Watts with making False Statements in violation of 18 U.S.C. §§ 1014, 2, 3551 *et seq.* (*Id.* at ¶¶ 21-22.) Count Four charges all defendants with making False Statements by "knowingly and intentionally [making] a false statement and report, and willfully overvalu[ing] property and security, for the purpose

1

of influencing the action of Amalgamated Bank upon one or more loans. . ." in violation of 18 U.S.C. §§ 1014, 2, 3551 *et seq.* (*Id.* at ¶¶ 23-24.) Count Five charges only defendant Dupree with an additional count of Bank Fraud, in violation of 18 U.S.C. §§ 1344, 2, 3551 *et seq.* (*Id.* at ¶¶ 25-26.)

The Superseding Indictment charges that defendant Dupree was the president and chief executive officer of GDC Acquisitions, LLC ("GDC"), and at different times relevant to the Superseding Indictment, defendant Foley was GDC's outside counsel and its chief operating officer and defendant Watts was GDC's chief financial officer and chief investment officer. (*Id.* at ¶¶ 2, 3, 4.) The first four counts of the Superseding Indictment arise out of an alleged scheme to defraud Amalgamated Bank ("Amalgamated"), a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, and C3 Capital, LLC, a private equity investment firm, by obtaining, and attempting to obtain, loans for GDC and its subsidiaries on the basis of false financial statements and other material misrepresentations between January 2007 and July 2010. (*Id.* at ¶¶ 1, 8.) Count Five was added in a Superseding Indictment filed on March 25, 2011, and charges only defendant Dupree with an additional count of bank fraud for "knowingly and intentionally execut[ing] and attempt[ing] to execute a scheme

and artifice to defraud Amalgamated Bank" between August 4, 2010 and March 1, 2011. (*Id.* at ¶¶ 25-26.)

Pursuant to Fed. R. Crim. P. 17, on or about April 19, 2011, defendant Foley applied *ex parte* for, and subsequently served, the following subpoenas on non-parties, The Kroger Company ("Kroger"), HSBC Bank USA ("HSBC") and Universal Studios LLP ("Universal Studios") (collectively, the "Foley subpoenas").

On Kroger:

> All records maintained with respect to the services rendered by Unalite Southwest, LLC; Unalite Electric & Lighting Corp.; Lighting Distribution & Maintenance, LLC d/b/a USW, relating to lighting installation, maintenance and energy-saving projects for the period May 1, 2010 through September 30, 2010. Said records should include but not be limited to: (1) Contracts, purchase orders and agreements; (2) Invoices, billings and email requests for payment; (3) Back-up documents, including invoices, relating to Kroger checks annexed hereto as Exhibit "A." (ECF No. 175, Subpoena *Duces Tecum* as to Kroger.)

On HSBC:

> With respect to HSBC account no. 655763473 in the name of Unalite Electric & Lighting LLC (a) all opening account documents, including but not limited to corporate resolutions, signature cards, and applications, (b) records relating to the non-payment of the check annexed hereto as Exhibit "A," (c) bank statements and cancelled checks, and (d) records relating to any closing of the account. (ECF No. 176, Subpoena *Duces Tecum* as to HSBC.)

3

On Universal Studios:

> All records maintained with respect to the services rendered by Unalite Electric & Lighting, LLC a/k/a Unalite Electrical & Lighting Corp., 47-07 32nd Place, Long Island City, NY for the NBC Warehouse, North Bergen, NJ and Rockefeller Center, New York City, NY relating to lighting installation, maintenance and energy-saving projects for the period May 1, 2010 through September 30, 2010. Said records should include but not be limited to: (1) Contracts, purchase orders and agreements; (2) Invoices, billings and email requests for payment; (3) Back-up documents, including invoices and any reason for stopping payment for the check annexed hereto as Exhibit "A." (ECF No. 177, Subpoena *Duces Tecum* as to Universal Studios.)

Following service of the subpoenas, defendants Dupree and Watts moved, pursuant to Fed. R. Crim. P. 17(c)(2), to quash the subpoenas. (ECF No. 196-1, [Dupree's] Memorandum of Law in Support of Motion to Quash Subpoenas ("Dupree Mem."); ECF No. 202, Letter from Marion Bachrach, counsel for Watts, dated May 12, 2011.) In support of their motion to quash, Dupree and Watts assert that Foley did not have a proper purpose for requesting and serving the subpoenas. Specifically, Dupree and Watts argue that: (1) Foley has already admitted to the court that the evidence likely to be introduced by the government regarding Count Five of the Superseding Indictment, the subject matter of the subpoenas, is "not only inadmissible against him but is also irrelevant to the charges against him" (ECF No. 196-

1, Dupree Mem. at 3); (2) Foley has made no showing that he is unable to obtain the documents by the exercise of due diligence (*id.*); (3) Foley cannot show that he would be unable to prepare for trial without the requested documents so that lack of access to such documents would unreasonably delay his defense (*id.*); and (4) Foley's requests to Kroger, HSBC and Universal Studios were "not done in an effort to provide an actual defense for himself and thus [were] not requested in good faith . . . . [R]ather his efforts are a fishing expedition in an attempt to find evidence to direct culpability toward his codefendants in the mistaken belief that effort will demonstrate *lack* of culpability on his part" (*id.* at 3-4 (emphasis in original)).

Foley opposes his co-defendants' motion to quash the subpoenas, asserting that the court "properly ordered compliance with the subpoenas based upon a good faith, comprehensive presentation by Mr. Foley," which included an application filed *ex parte* on April 20, 2011. (ECF No. 204, Letter from Joseph W. Ryan, counsel for Foley, dated May 12, 2011.) In response to Dupree's and Watts' motion and the court's order to provide "support that the documents requested in the third party subpoenas are relevant to [Foley's] defense of the charges in the counts in which he is charged in the Superseding Indictment" (Order dated May 13, 2011), Foley specifies that the "customer checks, bank records and invoices sought by the subpoenas are

5

relevant for Mr. Foley to establish a pattern of behavior by both Dupree and Watts to engage in criminal schemes to defraud Amalgamated Bank both before and after the July 23, 2010 arrests for bank fraud — without Mr. Foley's knowledge or consent." (ECF No. 211, Supplemental Response to Deny Motion to Quash ("Foley Supp.") at 1.)

For the reasons set forth below, the court grants in part and denies in part the motion to quash the subpoenas.[1]

## STANDARD

Rule 17(c) of the Federal Rules of Criminal Procedure governs the issuance of subpoenas in criminal proceedings. Rule 17(c)(1) provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Rule 17(c) subpoenas are intended to "expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *United States v. Nixon*, 418 U.S. 683, 698-99 (1974) (citation and emphasis omitted). To meet the requirement for issuing a Rule 17(c) subpoena, the requesting party must demonstrate that the materials sought are (1)

---

[1] The government takes no position regarding the motion to quash.

relevant; (2) admissible; and (3) specific. *Id.* at 700. Rule 17(c) is not "a means of discovery in a criminal trial." *Id.* at 698; *see also United States v. Weissman*, No. 01 Cr. 529, 2002 U.S. Dist. LEXIS 24642, at *2 (S.D.N.Y. Dec. 24, 2002).

Rule 17(c)(2) provides the standard for quashing a subpoena:

> On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

"A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege or a proprietary interest in the subpoenaed material." *United States v. Nachamie*, 91 F. Supp. 2d 552, 558 (S.D.N.Y. 2000).

## **DISCUSSION**

As an initial matter, the court finds dubious Dupree's and Watts' argument that they have standing to quash Foley's subpoenas. As discussed above, a party must generally have a claim of privilege or a proprietary interest in the subpoenaed materials in order to challenge a subpoena. *Nachamie*, 91 F. Supp. 2d at 558. Here, in response to the court's order requesting further briefing on the issue of whether they have standing to move to quash the Foley subpoenas (Order dated May 13, 2011), Dupree and Watts argue that they have "clear, legitimate interests in quashing the third-party subpoena requests" for two reasons: (1) "to ensure that Rule 17(c) is not

7

used for an improper purpose;" and (2) "to thwart the introduction of material that is intended to present uncharged crimes to the jury which are not admissible and would be unduly prejudicial to defendants [Dupree and Watts]." (ECF No. 212, Letter from Roscoe C. Howard, Jr., counsel for Dupree, dated May 17, 2011.) The court is not entirely convinced that Dupree's and Watts' articulated "interests" constitute privilege or a proprietary interest in the subpoenaed materials sufficient to establish standing to quash the subpoenas, given that the subpoenaed documents relate to Unalite Southwest, a subsidiary of GDC, and that it is not clear if Dupree or Watts were officers of Unalite Southwest. Nonetheless, the court will address the merits of the motion to quash to ensure that the subpoenas satisfy the requirements of Rule 17(c). *See United States v. Treacy*, No. 08 Cr. 366, 2008 U.S. Dist. LEXIS 97206, at *3 n.2 (S.D.N.Y. Dec. 1, 2008) ("It is not clear that the government has standing to move to quash the subpoenas . . . . Nonetheless, the court will address the objections to ensure that the subpoenas are for a proper purpose and complies with the requirements of Rule 17(c).").

Accordingly, the court next considers whether the subpoenaed materials are relevant, admissible and specific, as required by the standard set forth by the Supreme Court. *Nixon*, 418 U.S. at 700. With respect to relevance, as set forth above,

Foley is charged with Dupree and Watts in three counts in the Superseding Indictment.  Counts 1 and 2 charge Foley, together with his co-defendants, with one count of conspiracy to commit bank, mail and wire fraud between January 2007 and July 2010 (Count 1), and one count of bank fraud (Count 2) against Amalgamated Bank.  (Superseding Indictment at ¶¶ 17-20.)  Further, Count 4 charges that on May 24, 2010, Foley, Dupree and Watts "knowingly and intentionally made a false statement and report, and willfully overvalue[d] property and security, for the purpose of influencing the action of Amalgamated Bank upon one or more loans. . . ."  (Superseding Indictment at ¶ 24.)

Although Foley is not charged in the Superseding Indictment with any criminal activity after July 2010, his subpoenas seek documents from Kroger and Universal Studios through September 30, 2010.  (ECF Nos. 175, 177.)  Further, Foley seeks documents from HSBC regarding an account in the name of Unalite Electric & Lighting, LLC, which Foley claims that Watts purportedly opened on October 6, 2010.  (ECF No. 204, Ex. A, Letter from Joseph W. Ryan, Jr., counsel for Foley, dated April 19, 2011, originally filed *ex parte* in support of the application for subpoenas *duces tecum*.)  The subpoenas, therefore, seek documents that are well outside the time frame of the counts with which Foley is charged in the Superseding

Indictment, and thus would not be relevant to his defense on those counts.[2]

Moreover, even if the post-July 2010 documents were relevant as to Foley, which they are not, the court finds that any documents relating to transactions after July 2010 are inadmissible as to Foley. The Supreme Court has made clear that documents obtained pursuant to a Rule 17(c) subpoena must be admissible at trial. *Nixon*, 418 U.S. at 698. Rule 17(c) is not a means of discovery in a criminal trial. *Id.; see also United States v.* Cherry, 876 F. Supp. 547, 552-53 (S.D.N.Y. 1995) (citing *United States v. Marchisio*, 344 F.2d 653, 669 (2d Cir. 1965)) ("In this respect, Rule 17(c) can be contrasted with the civil rules which permit the issuance of subpoenas to seek production of documents or other materials which, although not themselves admissible, could lead to admissible evidence.").

Pursuant to Federal Rule of Evidence 403, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. As the court understands Foley's argument, the purportedly

---

[2] The court reserves its ruling, pending briefing on any motions *in limine*, on whether documents dated prior to July 2010, which may be relevant, will be admissible at trial.

10

probative value of the subpoenaed evidence is that it "shows a pattern of clandestine criminal conduct" and is relevant to Foley's purported defense that his co-defendants' conduct under Count Five "arises out of the same *modus operandi* to defraud Amalgamated Bank under counts One-Four." (ECF No. 211, Foley Supp. at 1, 4.) As discussed above, however, Foley is named only in Counts 1, 2, and 4, which charge a conspiracy and a bank fraud scheme that ended in July 2010, and a false statement that occurred in May 2010. (Superseding Indictment at ¶¶ 17-20, 23-24.) Not only is evidence after July 2010 irrelevant to Foley's defense against these charges, the risk of prejudice and confusion associated with Foley's introduction of documents that post-date the time frame of charges involving Foley in the Superseding Indictment is high. Specifically, the jury is likely to be confused and make improper inferences if Foley moves to admit evidence that post-dates his charged conduct against his co-defendants. Accordingly, documents dated after July 2010 are inadmissible as to Foley because the potential prejudice and confusion outweighs the probative value of the evidence.

Finally, because the court finds that documents dated later than July 2010 are neither relevant nor admissible as to Foley, the court need not consider whether the subpoenas are sufficiently specific. Accordingly, in light of the motion to

quash and Foley's further clarifications in his initial, *ex parte* submissions, the court has reconsidered its initial "so ordering" of the subpoenas in their entirety. Based upon Foley's counsel's representation that the relevant HSBC account was opened in October 2010, the subpoena to HSBC is quashed in its entirety. The Kroger and Universal Studios subpoenas are quashed except to the extent they seek documents related to the period between May 1, 2010 and July 2010.

## **CONCLUSION**

For the reasons set forth above, defendants Dupree's and Watts' motion to quash is granted in part and denied in part. The subpoena to HSBC is quashed. To the extent the subpoenas to Kroger and Universal Studios seek and have yielded documents and information dated later than July 2010, they are quashed. If any such documents post-dating July 2010 have already been produced pursuant to the subpoenas, the original documents and any copies made shall be promptly returned to Kroger, HSBC, and Universal Studios.

**SO ORDERED.**

Dated: May 23, 2011
       Brooklyn, New York

                                          _____/s/_____
                                          KIYO A. MATSUMOTO
                                          United States District Judge
                                          Eastern District of New York