```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,

        -against-                              **MEMORANDUM AND ORDER**

                                               10-CR-627 (KAM)
COURTNEY DUPREE, THOMAS FOLEY, AND
RODNEY WATTS,

                Defendants.
-----------------------------------X
```

**MATSUMOTO, United States District Judge:**

### INTRODUCTION

Defendants Courtney Dupree ("Dupree"), Thomas Foley ("Foley") and Rodney Watts ("Watts") (together, "defendants") are charged together in three counts, Watts is charged in four counts, and Dupree is charged in all five counts of a five-count superseding indictment. (*See* ECF No. 155, Superseding Indictment ("Superseding Indictment").) Count One charges all defendants with Conspiracy to Commit Bank, Mail and Wire Fraud in violation of 18 U.S.C. §§ 1349, 3551 *et seq.* (*Id.* at ¶¶ 17-18.) Count Two charges all defendants with Bank Fraud in violation of 18 U.S.C. §§ 1344, 2, 3551 *et seq.* (*Id.* at ¶¶ 19-20.) Count Three charges defendants Dupree and Watts with making a False Statement in violation of 18 U.S.C. §§ 1014, 2, 3551 *et seq.* (*Id.* at ¶¶ 21-22.) Count Four charges all defendants with making a False Statement by "knowingly and intentionally [making] a false statement and report, and

1

willfully overvalu[ing] property and security, for the purpose of influencing the action of Amalgamated Bank upon one or more loans. . ." in violation of 18 U.S.C. §§ 1014, 2, 3551 *et seq.* (*Id.* at ¶¶ 23-24.) Count Five charges only defendant Dupree with an additional count of Bank Fraud, in violation of 18 U.S.C. §§ 1344, 2, 3551 *et seq.* (*Id.* at ¶¶ 25-26.)

The first four counts of the Superseding Indictment arise out of an alleged scheme to defraud Amalgamated Bank ("Amalgamated"), a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, and C3 Capital, LLC, a private equity investment firm, by obtaining, and attempting to obtain, loans for GDC and its subsidiaries on the basis of false financial statements and other material misrepresentations between January 2007 and July 2010. (*Id.* at ¶¶ 5, 6, 8.)

Count Five was added in a Superseding Indictment filed on March 25, 2011, and charges only defendant Dupree with an additional count of bank fraud for "knowingly and intentionally execut[ing] and attempt[ing] to execute a scheme and artifice to defraud Amalgamated Bank, and to obtain moneys, funds, credits and other property owned by, and under the custody and control of, Amalgamated Bank by means of materially false and fraudulent pretenses, representations and promises" between August 4, 2010 and March 1, 2011. (*Id.* at ¶ 26.)

Presently before the court is defendant Dupree's motion to dismiss Count Five of the Superseding Indictment. For the reasons set forth below, defendant Dupree's motion is granted and Count Five is dismissed without prejudice and with leave for the government to re-present the matter to the grand jury.

## BACKGROUND

### I. The Agreement and Subsequent Default

The following facts were submitted by defendant Dupree in support of his motion to dismiss Count Five of the Superseding Indictment, but are not alleged in Count Five. On August 29, 2008, JDC Lighting, LLC, Unalite Electric and Lighting, LLC, and Hudson Bay Environments Group, LLC (the "Subsidiaries") entered into a Revolving Credit and Term Loan Agreement with Amalgamated Bank (the "Agreement"). (*See* ECF No. 188, Ex. A, Agreement dated Aug. 29, 2008.) GDC guaranteed the loan. (*See id.* at ¶ 1.08.) Pursuant to paragraph 5.05 of the Agreement, each borrower agreed that "so long as [the] Agreement is in effect," the borrower would "(i) [m]aintain its operating accounts at the Bank, and (ii) deposit all of its revenue, upon receipt, into an operating account at the Bank." (*See id.* at ¶¶ 5, 5.05.)

On May 7, 2010, Amalgamated informed the Subsidiaries that "Events of Default have occurred," and reserved its rights

to "charge interest on the outstanding principal amount of the Loan at the default rates . . . and the right to declare the Obligations under the Loan Documents . . . immediately due and payable."  (ECF No. 188, Ex. D., Letter from Amalgamated dated May 7, 2010.)

On July 23, 2010, Amalgamated sent a further letter to the Subsidiaries informing them that "as a result of the existing Events of Default identified in the May 7, 2010 letter and additional Events of Default that have arisen, all availability under the Revolving Credit Facility has been frozen and the Bank is hereby exercising its right to accelerate the Loans and demand payment in full of all indebtedness owing under the Credit Agreement, the Notes and the other Loan Documents."  (See ECF No. 188, Ex. E, Letter from Amalgamated dated July 23, 2010.)

In a state court proceeding initiated by Amalgamated by Order to Show Cause dated August 4, 2010, New York Supreme Court Justice Shirley Werner Kornreich granted Amalgamated's request, *inter alia*, for an order temporarily restraining defendants, GDC and its affiliates, from "moving, removing, transferring, encumbering . . . assets . . . and . . . books [and] records . . . other than in the ordinary course of business. . . ."  (ECF No. 188, Ex. G, Order to Show Cause Appointing Temporary Receiver, dated Aug. 4, 2010, at ¶ 21 (the

"August 4 Order").) Justice Kornreich also ordered that all funds in the Chase accounts be deposited into the Amalgamated Bank account. (*Id.* at ¶ 24.)

## II. The Instant Motion

Presently before the court is defendant Dupree's motion to dismiss Count Five of the Superseding Indictment, which charges defendant Dupree with bank fraud pursuant to 18 U.S.C. §§ 1344, 2 and 3551 *et seq.* The court held oral argument on the motion on June 2, 2011. (*See* Transcript of Proceedings before the Honorable Kiyo A. Matsumoto on June 2, 2011 ("Tr.").) Defendant Dupree argues: (1) that the government cannot show that the funds Dupree transferred were in the property of or in the possession of another because Amalgamated Bank had not given written notice under New York law of its intent to claim the funds Dupree allegedly took (ECF No. 188-2, Memorandum in Support of Defendant [Dupree's] Motion for Dismissal of Count Five of the Indictment ("Dupree Count Five Mem.") at 6-10); and (2) that the government has failed to provide Dupree and the public with information as to the essential facts of the offense charged including what false pretenses, representations or promises he allegedly made (*id.* at 10-13).

In response, the government makes three arguments. First, the government argues that Dupree ignores the charge under subsection (1) of 18 U.S.C. § 1344, which provides that

"whoever knowingly executes, or attempts to execute, a scheme or artifice to defraud a financial institution," is subject to fine and imprisonment. (ECF No. 208, Memorandum of Law in Opposition to Dupree's Motion to Dismiss Count Five of the Indictment ("Govt. Count Five Mem.") at 5-6.) Specifically, the government argues that a "scheme to defraud" pursuant to § 1344(1) does not require proof of a misrepresentation and is interpreted broadly on a case-by-case basis. (*Id.*) The government argues that Dupree, by "covertly desposit[ing] payments by Hudson Bay's customers into an account at TD Bank in the company's name," and then transferring the money to another TD Bank account in Dupree's own name, "concealed the existence of Hudson Bay's collections from Amalgamated Bank in order to deprive the bank of its legal rights and enrich himself." (*Id.* at 8-9.) Thus, according to the government, Count Five of the Superseding Indictment alleges a cognizable bank fraud by charging that Dupree concealed and converted to his own use Amalgamated Bank's collateral. (Govt. Count Five Mem. at 8, 11.) Second, the government argues that pursuant to subsection (2) of 18 U.S.C. § 1344, by not disclosing to, and depositing into accounts at, Amalgamated, the payments received from Hudson Bay's customers, Dupree took "something of value" from Amalgamated and committed fraud (*id.* at 11-14). Third, the government disputes Dupree's assertion that § 1344 requires the government to show that

6

Amalgamated had a security interest in the property, or a possessory right, custody or control of the HBE funds, at the time of the alleged transfer.  The government thus contends that Dupree's argument that Amalgamated Bank had not given written notice of its intent to claim the funds Dupree allegedly took is irrelevant (*id.* at 14-15).

In reply, Dupree argues: (1) that the government's argument under both subsections (1) and (2) is "premised on an interpretation of a restraining order" by a state court and it would be an "impermissible exercise of this court's jurisdiction to rule on or interpret that ]state court order]" (ECF No. 237, Defendant [Dupree's] Reply in Support of Motion to Dismiss Count Five ("Dupree Count Five Reply") at 1); and (2) that the cases the government cites under subsection (1) contain a broad interpretation of the statute which has not been followed in the Second Circuit and should not be applied in this case (*id.* at 3-4.)

For the reasons set forth below, defendant Dupree's motion to dismiss Count Five of the Superseding Indictment is granted and Count Five is dismissed without prejudice and with leave for the government to re-present the matter to the grand jury.

**STANDARD**

The parties agree that Rule 7(c) governs the instant dispute. Fed. R. Crim. P. 7(c) requires that an indictment contain "a plain, concise and definite written statement of the essential facts constituting the offense charged . . . ." An indictment is legally sufficient if it does little more than "track the statutory language of the offense charged, state the approximate time and place of the alleged crime, and contain some amount of factual particularity to ensure that the prosecution will not fill in the elements of its case with facts other than those considered by the grand jury." *United States v. Triumph Capital Group, Inc.*, 260 F. Supp. 2d 444, 448 (D. Conn. 2002) (citing *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999).) The validity of an indictment is tested by its allegations, not by whether the government can prove its case. *Id.*

Count Five charges a violation of 18 U.S.C. § 1344 which provides: "Whoever knowingly executes, or attempts to execute, a scheme or artifice--(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both."

A conviction under § 1344 requires "proof of subsection (1) or subsection (2), but not both." *United States v. Chandler,* 98 F.3d 711, 714 (2d Cir. 1996). To obtain a conviction under subsection (1) alone, the government "must prove beyond a reasonable doubt that the defendant engaged in or attempted to engage in a pattern or course of conduct designed to deceive a federally chartered or insured financial institution into releasing property, with the intent to victimize the institution by exposing it to actual or potential loss." *Id.* at 715 (citations omitted).

## **DISCUSSION**

In essence, the government asserts that Count Five is based on evidence that defendant Dupree defrauded Amalgamated Bank, a financial institution, by depriving Amalgamated of funds it was lawfully entitled to pursuant to the Agreement between Amalgamated and the GDC subsidiaries and the August 4 Order, both of which obligated the subsidiaries to deposit all of their revenues into accounts at Amalgamated. (Agreement at § 5.05; August 4 Order.) By contrast to Counts One through Four, which allege that the defendants made false statements and submitted false and fraudulent materials to Amalgamated Bank to obtain the proceeds of the loan, the government argues that Count Five

9

alleges that Amalgamated had a "right to the deposit of the borrowers' collections; Dupree intentionally deprived Amalgamated Bank of this valuable right by surreptitiously and deceptively depositing Hudson Bay's collections into an account at a different bank; and Dupree converted the money Hudson Bay had collected to his own personal use." (ECF No. 208, Govt. Count Five Mem. at 3.)

The parties' dispute boils down to the genesis of Amalgamated's right to the funds at issue. Specifically, the parties dispute whether Count Five of the Superseding Indictment is predicated on section 5.05 of the Security Agreement, which required GDC to maintain all of its operating accounts with, and deposit all revenues upon receipt into an operating account at Amalgamated Bank, or whether Count Five is premised only on Justice Kornreich's August 4, 2010 Order. Further, if the grand jury did not consider section 5.05 in returning the Superseding Indictment and Count Five is based solely on the August 4 Order, the parties dispute whether the jury in this case would have to "interpret" the state court order, and if so, whether a federal jury is permitted to do so.

In an order dated June 2, 2011, the court directed the parties to submit further briefing on the following issues: (a) whether under Count Five, the jury would be required to interpret or find a violation of Justice Kornreich's 8/4/10

state court order; (b) whether, if the jury is required to make such a finding, interpretation of a state court order differs from interpretation of a contract, mortgage or other legal document; and (c) whether a federal jury may properly make such a finding. (See Minute Entry and Order dated June 2, 2011.) Both the government and defendant Dupree submitted letters on June 7, 2011. (ECF No. 251, Letter from Roscoe C. Howard, Jr., counsel for defendant Dupree, dated June 7, 2011 ("Dupree Supp."); ECF No. 252, Letter from the Government, dated June 7, 2011 ("Govt. Supp.").)

Pursuant to the plain language subsection of 18 U.S.C. § 1344, the bank fraud statute, a charge of bank fraud may be premised on a person knowingly executing or attempting to execute "a scheme or artifice--(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1344. The obligation to deposit all revenue with Amalgamated, the knowing violation of which may provide a basis for the bank fraud charged in Count Five, must be found in section 5.05 of the Agreement between the financial institution and the subsidiaries, which is not specifically referenced in the Superseding Indictment, rather than in the state court

order, which can only be interpreted by the court that issued it, and not by a federal grand jury or trial jury. *United States v. Barnett*, 376 U.S. 681, 697-701 (1964) ("The power of a court to make an order carries with it the equal power to punish for a disobedience of that order, and the inquiry as to the question of disobedience has been, from time immemorial, the special function of the court. And this is no technical rule. In order that a court may compel obedience to its orders it must have the right to inquire whether there has been any disobedience thereof. To submit the question of disobedience to another tribunal, be it a jury or another court, would operate to deprive the proceeding of half its efficiency.") (citation omitted); *see also In re WestPoint Stevens, Inc.*, 600 F.3d 231, 251-52 (2d Cir. 2010) ("To be sure, deference is owed to a court's interpretation of its own orders; however, such deference is only appropriate where the court drafts the order." (citation and internal quotation marks omitted)).

Because the government concedes that the jury would be required to interpret the state court order as part of its determination of guilt under Count Five (Govt. Supp. at 3 ("Here the issue is . . . the interpretation of a state court order as part of a federal claim")), Count Five is insufficient. In order to have sufficiently charged Count Five, the Superseding Indictment should have relied upon section 5.05 of the Agreement

12

as a basis for alleging that Amalgamated Bank was defrauded, rather than alleging only that defendant Dupree defrauded Amalgamated via the state court's order. While the August 4 Order may properly have been referenced in the Superseding Indictment as further evidence that defendant Dupree was aware that the subsidiaries were obligated to deposit their collections with Amalgamated, the violation of that Order alone cannot be the basis of the charge.

Given that Count Five cannot be premised solely on a violation of a state court order and that the Superseding Indictment did not reference the existence of section 5.05 of the Agreement, the court finds that Count Five is insufficient. The government cannot rely solely upon the language referring to the August 4 Order in paragraph 16 of the Superseding Indictment to support Count Five against defendant Dupree (Superseding Indictment at ¶ 16) ("On or about August 4, 2010, Amalgamated Bank obtained a temporary restraining order in New York State Supreme Court providing that all of the borrowers' 'collections' were to be deposited at Amalgamated Bank.").[1]

---

[1] While the court finds that the government cannot rely on the August 4 Order to support its charge against defendant Dupree on Count Five, it does not strike the language from the Superseding Indictment. Pursuant to Fed. R. Crim. P. 7(d), a court may strike "surplusage" from an indictment "only where the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." *United States v. Mulder,* 273 F.3d 91, 99 (2d Cir. 2001) (internal quotation marks omitted). "If evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken." *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990) (citation omitted). Thus, to

Apart from the reference to the August 4 Order, which the court finds cannot alone form the factual basis for Count Five, the other potential factual bases for Count Five in the Superseding Indictment can be found in paragraphs 9, 16, and 25-26. Specifically, paragraph 9 references the Agreement between the subsidiaries, with GDC as guarantor, and Amalgamated, which provided that the subsidiaries could borrow up to $21 million from Amalgamated Bank through a revolving credit loan and term loan. (Superseding Indictment at ¶ 9). Paragraph 9 does not, however, refer specifically to section 5.05 of the Agreement which obligated the subsidiaries to maintain operating accounts with, and deposit all of their revenue with Amalgamated.

Paragraph 16 provides:

> On or about August 4, 2010, Amalgamated Bank obtained a temporary restraining order in New York State Supreme Court providing that all of the borrowers' "collections" were to be deposited at Amalgamated Bank. On or about and between August 4, 2010 and March 1, 2011, defendant Courtney Dupree converted approximately $331,000 in customer payments to Hudson Bay received on or after August 4, 2010 to his personal use. Dupree withdrew approximately $41,000 in cash from Hudson Bay's account during this period and further transferred an additional $290,000 from the

---

prevail on a motion to strike, the defendant must show that the challenged language is (1) irrelevant, (2) prejudicial, and (3) inflammatory. *See id*. As discussed herein, the August 4 Order is potentially relevant to show defendant Dupree's knowledge and intent to violate the Agreement to maintain all operating accounts at the Bank and deposit all of the subsidiaries' revenue at Amalgamated. Accordingly, the court does not find that the standard for striking the language regarding the August 4 Order from the Superseding Indictment has been met.

>           Hudson Bay bank account to an account in his
>           name at TD Bank, all without notice to
>           Amalgamated Bank.

(Superseding Indictment at ¶ 16).  Paragraph 16, thus, does not contain any allegation that Hudson Bay was required by the Agreement to maintain accounts and deposit the customer payment funds with Amalgamated.

Finally, paragraph 25 incorporates the other paragraphs by reference, and paragraph 26 tracks the language of 18 U.S.C. § 1344 by alleging that:

>           On or about and between August 4, 2010 and
>           March 1, 2011, both dates being approximate
>           and inclusive, within the Eastern District
>           and elsewhere, the defendant Courtney
>           Dupree, together with others, did knowingly
>           and intentionally execute and attempt to
>           execute a scheme and artifice to defraud
>           Amalgamated Bank, and to obtain moneys,
>           funds, credits and other property owned by,
>           and under the custody and control of,
>           Amalgamated Bank, by means of materially
>           false and fraudulent pretenses,
>           representations and promises.

(Superseding Indictment at ¶ 26.)  Paragraph 26 does not add additional factual support for charging defendant Dupree in Count Five of the Superseding Indictment.  The court finds that, aside from the language discussed above regarding the August 4 Order which cannot provide a factual or legal basis for Count Five, there is not a sufficient "plain, concise and definite written statement of the essential facts constituting the offense charged [Count Five]," as required by Rule 7(c).

Specifically, there is no reference in the Superseding Indictment to section 5.05 of the Agreement, which obligated the subsidiaries to maintain all operating accounts with, and deposit all revenue, upon receipt, at Amalgamated Bank. Without such a reference, it appears that the government would unconstitutionally have to establish the elements of its case with facts other than those considered by the grand jury. *See Russell v. United States*, 369 U.S. 749, 770 (1962) ("To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which [the] . . . grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him."). As such, Count Five cannot stand and the count is dismissed without prejudice and with leave for the government to re-present the matter to the grand jury. *See, e.g., United States v. Awan*, 459 F. Supp. 2d 167, 175 (E.D.N.Y. 2006) (dismissing without prejudice two counts of an Indictment that contained insufficiently specific allegations and giving leave for the government to re-present the matter to the grand jury).[2]

---

[2] Although the court declines to allow the government to rely on the reference to the August 4 Order from paragraph 16 to the Superseding

**CONCLUSION**

For the reasons set forth above, defendant Dupree's motion to dismiss Count Five of the Superseding Indictment is granted and Count Five is dismissed without prejudice and with leave for the government to re-present the matter to the grand jury.

**SO ORDERED.**

Dated: July 28, 2011
       Brooklyn, New York

                                    _____/s/_____
                                    KIYO A. MATSUMOTO
                                    United States District Judge
                                    Eastern District of New York

---

Indictment as the basis for Count Five, this opinion should not be read as a ruling on the admissibility of the August 4 Order at trial. The government may move to admit the August 4 Order as evidence that defendant Dupree knew he was obligated to deposit the collections of the subsidiaries at Amalgamated Bank, and the court will consider that application at the appropriate time.