

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JM:MLY
F.#2010R01153

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 3, 2011

By ECF and Hand

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  United States v. Courtney Dupree, et al.
>      Criminal Docket No. 10-627 (S-2)(KAM)

Dear Judge Matsumoto:

The government respectfully submits this letter in reply to defendant Courtney Dupree's submission of December 2, 2011, and in further support of its request that the Court permit certain testimony by Deborah Silidor and Paul Rome and take judicial notice of the state court order in a one-sentence statement to jury.

First, the government submits that the Court can limit the use of the testimony and the noticed adjudicative fact, and also prevent any confusion, by instructing the jury as follows:

> You may consider the evidence only for the limited purposes of determining whether Mr. Dupree had notice of an obligation to deposit customer payments at Amalgamated Bank that the government alleges was created by the credit agreement.  The fact that a court issued an order has no other significance in this case.  This court order was issued at an early stage of a civil case that was brought in another court.  Courts routinely issue these kinds of orders when cases are first brought and before the court is able to consider all the issues in the case. Therefore, you cannot, and should not, consider the order for any purpose other than the one I have just described or speculate about what happened in that

>civil case. In addition, while you may consider the evidence for the limited purposes I have described, you need not accept it as conclusive. You are the sole judges of the facts.

As a matter of law, juries are presumed to understand and follow instructions. <u>United States v. Downing</u>, 297 F.3d 52, 60 (2d Cir. 2002) ("absent evidence to the contrary, [courts] must presume that juries understand and abide by a district court's limiting instructions"). The Supreme Court has rejected the skepticism of jurors' fidelity to the law that Dupree's position implies:

>[T]he crucial assumption underlying the system of trial by jury is that juries will follow the instructions given them by the trial judge. Were this not so, it would be pointless for a trial court to instruct a jury, and even more pointless for an appellate court to reverse a criminal conviction because the jury was improperly instructed.

<u>Marshall v. Lonberger</u>, 459 U.S. 422, 438 n.6 (1983) (quotation omitted).

Contrary to Dupree's assertions, the government is not seeking reconsideration of the Court's ruling excluding Justice Kornreich's order (a physical copy of which the government had placed on its exhibit list and intended to offer at trial), but instead sought clarification of the scope of the ruling. The government seeks to establish if the Court only meant to exclude the written order as an exhibit, or if the Court had also excluded other evidence of Justice Kornreich's order that would tend to establish that Dupree knew Hudson Bay, JDC Lighting, and Unalite Electric were obligated to deposit customer payments in accounts at Amalgamated Bank.

Previously, because the government sought admission of the order - a matter flagged by the Court in the footnotes of its previous ruling on the motion to dismiss Count Five – the government expressly stated that it was not seeking judicial notice, and thus the government's request for notice is, necessarily, not a motion to reconsider because it is not a motion that was previously made.[1] Given the Court's ruling

---

[1] The defendants' argument that the government is actually seeking reconsideration is contradicted by its assertion that

Case 1:10-cr-00627-KAM Document 467 Filed 12/03/11 Page 3 of 4 PageID #: 5972

3

excluding the government's proposed exhibit at trial, however, the government now seeks such notice as a permissible substitute for a highly probative piece of evidence.

Clearly, there is no obligation to move <u>in limine</u> to preview all witness testimony, or to make requests for notice before trial. Even if the government had waited to raise these matters at trial, it would not preclude the government from offering this evidence.

Defendant Dupree's objections to the government's evidence go only to the weight of that evidence, not its admissibility. <u>SCS Communications, Inc. v. Herrick Co., Inc.</u>, 360 F.3d 329, 344-45 (2d Cir. 2004) (challenges to the reliability of evidence go to its weight, not its admissibility); <u>see also</u> Fed. R. 402 ("All relevant evidence is admissible"). Dupree would be free to establish through cross-examination or independent evidence that Dupree was not present for the relevant part of the hearing. Similarly, the fact that there is no transcript of the hearing goes only to the weight of the evidence, and Dupree could establish that absence of a transcript for the jury. Indeed, the government does not object to the Court also taking notice of the fact that no transcript exists.

The defendant's objection is misplaced when he complains that there is no § 3500 material containing this aspect of Ms. Silidor's and Mr. Rome's testimony. (And, in the case of Ms. Silidor, no § 3500 material at all.) The government has an obligation to produce any witness statements in its possession; it does not have an obligation to create such statements. 18 U.S.C. § 3500. A witness can testify without having previously made a statement. The fact that a written statement was not made simply supports the government's statement that the testimony of Silidor and Rome is expected to be quite brief. Furthermore, the volume and timeliness of the government's § 3500 production negates any suggestion that the government has tried to avoid disclosing witness statements.

---

the government should have earlier moved <u>in limine</u> for the Court to take the requested notice. For if the government should have moved earlier but did not, it cannot be that the government is moving for reconsideration of an earlier motion. In any case, a motion <u>in limine</u> is not required for a request that the Court take judicial notice, which may be made at any time in a trial.

Finally, the defendant's attempt to manufacture a dispute regarding Justice Kornreich's order will not prevail. The government is not seeking judicial notice of the provision of the order providing that legitimate business expenses could be paid in the "ordinary course of business." Rather, the government is seeking notice only of Justice Kornreich's command that customer payments be deposited into accounts at Amalgamated Bank. After that deposit, the money could be spent in the ordinary course of business. The government does not and has never disputed that. And the point that the government seeks notice of has never been disputed by Dupree: customer payments be deposited into accounts at Amalgamated Bank. The hearing before District Court Judge Vitaliano established that beyond dispute.

    Respectfully submitted,

    LORETTA E. LYNCH
    United States Attorney
    Eastern District of New York

By:    /s/
    Michael L. Yaeger
    Assistant U.S. Attorney
    (718) 254-6075