UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

**PETITION OF AMALGAMATED BANK FOR ADJUDICATION OF INTEREST UNDER 21 U.S.C. § 853(n)**

10-CR-627 (S-2) (KAM)

-v-

COURTNEY DUPREE,

Defendant.

Petitioner, Amalgamated Bank (the "Bank"), by and through its undersigned counsel, hereby petitions the Court, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2, and asserts its interest in all funds that were the subject of any forfeiture proceedings in or related to the above-captioned matter (any "Funds"), including (but not limited to) the Court's First Preliminary Order of Forfeiture filed on January 10, 2012 [Document No. 6800] (the "First Preliminary Order") and Second Preliminary Order of Forfeiture also filed on January 10, 2012 [Document No. 6806] (the "Second Preliminary Order") and (collectively, the "Preliminary Forfeiture Orders"), as follows:

1.      This Court has before it presently the question of forfeiture to the United States Government of the Funds, as defined above, in connection with the Forfeiture Money Judgment against defendant Courtney Dupree ("Dupree") in the amount of $18,157,000.00, as described on p. 1 of the Preliminary Forfeiture Orders. The Funds include, but are not limited to:

22841/12
06/08/2012 20756702

(a) any funds that are or were held at J.P. Morgan Chase Bank in the accounts identified as Specific Assets on p. 2 of the First Preliminary Order, and all proceeds thereof; (b) the sum of $633,499.24 placed on deposit with the Clerk of the Court on or about October 6, 2011, and all proceeds thereof, as referenced in ¶ 5 of the First Preliminary Order; and (c) the New York City Department of Finance tax refund to GDC Acquisitions, LLC for the 2009 tax year and all proceeds thereof (the "Tax Refund").

2.     The Bank states and alleges to the Court that the above-described Funds should not be forfeited to the United States Government or any other person or entity, but rather should be returned and set over to the Bank, which had full, sole and complete first-priority right, title and interest in and to the Funds before and after entry of the Preliminary Forfeiture Orders. Therefore, an ownership interest could not have been vested in defendant Dupree at the time of forfeiture.

3.     The Bank's first-priority right, title and interest in and to the Funds, which the Bank hereby asserts pursuant to 21 U.S.C. § 853(n) and any other applicable law, is based upon, among others, the following documents:  a Revolving Credit and Term Loan Agreement dated August 29, 2008 relating to loans in a principal amount of up to $18,500,000; a Revolving Credit Note in the amount of $18,500,000; a Term Loan Note in the amount of $2,500,000; a Guarantee dated August 29, 2008 executed by GDC Acquisitions, LLC; a Security Agreement dated August 29, 2008; a Guarantee dated July 29, 2010 executed by Image Lighting Services LLC; a Guarantee dated July 29, 2010 executed by TDC Acquisitions LLC; a Security Agreement dated August 29, 2008; and a Security Agreement dated July 29, 2010.  (Copies of these documents have previously been filed with the Court and/or are available upon request.)

4.     The Bank's first-priority right, title and interest in and to the Funds also arose pursuant to the fraud, fraudulent-conveyance and other causes of action asserted by the Bank, as well as prior court orders and rulings (including, but not limited to, an Order to Show Cause entered on August 4, 2010) in an action entitled <u>Amalgamated Bank v. JDC Lighting LLC, Unalite Electric and Lighting, LLC, Hudson Bay Environments Group, LLC, GDC Acquisitions, LLC, TDC Acquisitions LLC, Image Lighting Services LLC, Unalite Southwest, LLC, Unalite Distribution, LLC, Interconnect Lighting LLC, Courtney D. Dupree, Rodney Watts, Thomas J. Foley and Frank Patello</u>, Index No. 651184/10, Supreme Court of New York, New York County (the "Civil Action").

5.     In addition, the Bank's first-priority right, title and interest in and to the Funds also arose under the doctrine of collateral estoppel, as a result of the verdicts against Dupree (and related Orders of this Court) in the above-captioned criminal proceedings.

6.     In the alternative, pursuant to 21 U.S.C. § 853(c), the Bank may have been a bona fide purchaser for value of the Funds that at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture under 21 U.S.C. § 853(n).

7.     Pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2, the Bank petitions this Court for a hearing at the appropriate time to adjudicate the validity of the Bank's interest in the Funds. The Bank also reserves the right to apply for discovery, including (but not limited to) depositions, in accordance with 21 U.S.C. § 853(m), and to have an ancillary proceeding, pursuant to Fed. R. Crim. P. 32.2(c)(1) , with the right to discovery in accordance with the Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioner respectfully requests that the relief sought in this Petition be granted, and that the Funds be paid over to the Bank, whether pursuant to this Petition and/or in satisfaction of any restitution order entered at the time of the sentencing of Dupree.

**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas
New York, New York  10020
212-262-6700
Counsel for Petitioner, Amalgamated Bank

By: _____
Jeffrey J. Wild
Robert J. Kipnees

Dated: June 8, 2012

## VERIFICATION

On behalf of Petitioner, Amalgamated Bank, pursuant to 28 U.S.C. § 1746, the undersigned declares under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: June 8, 2012

_____
Deborah Silodor, Senior Vice President