

**U.S. Department of Justice**



*United States Attorney*
*Eastern District of New York*

MLY:BDM
F.#2010R01153

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 18, 2012

ECF and By Hand

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  United States v. Rodney Watts
           Criminal Docket No. 10-627 (KAM)

Dear Judge Matsumoto:

      In accordance with the Court's Order of June 12, 2012, the parties jointly write regarding the "meet-and-confer" held by attorneys for the parties to the ancillary proceeding, namely, the government and the three petitioners: Rodney Watts and the law firm of DePetris & Bachrach, LLP (collectively, "the Watts Petitioners") and Amalgamated Bank concerning issues raised by the Court regarding the conduct of the ancillary proceeding in the above-referenced case.

I.    Scheduling the Motions to Dismiss

      With respect to the first item in the Court's Order, motions to dismiss, two of the parties intend to file motions to dismiss: 1) the government will move to dismiss the petition of Mr. Watts and DePetris & Bachrach, LLP (the "Watts Petition," Dkt. #549); and 2) The Watts Petitioners will move to dismiss the petition of Amalgamated Bank.

      The parties have been unable to reach a mutually agreed upon schedule. The government and Amalgamated Bank request the following schedule: thirty days (until July 18th) for the parties to file their respective motions to dismiss; thirty days (until August 17th) for submission of opposition papers; and fourteen days (until August 31st) for submission of replies. The Watts Petitioners seek a shorter schedule for submissions: motions to dismiss to be filed on June 29th, opposition papers to be filed on July 13th, and reply papers to

be filed on July 20th, so that the motions are fully briefed before the status conference scheduled by the Court for July 25th.

The government asks for the schedule it and Amalgamated Bank have proposed on the following grounds. It states that, although some of the legal research required for its motion has already been completed, it needs additional time to address other intersecting state and federal law issues, including the claim set forth in the Watts Petition that Mr. Watts is a "third-party beneficiary" of the assignment from Unalite Southwest, LLC to DePetris & Bachrach, LLP. See Watts Petition, at ¶ 6. The government asserts that its request for additional time to brief its motion is due to the complexity of this and other related issues, as well as the upcoming July 4th holiday week during which time AUSA Morris plans to be away from the office. The government also takes the position that the status conference scheduled for July 25th concerns scheduling of a date for Mr. Watts' trial which, for reasons set forth in its May 11 and June 6, 2012 submissions (Dkt. ##539 and 547), may and should proceed independently from the ancillary proceeding.

The Watts Petitioners take the position that most of the issues have been known for some time and have, in the main, been briefed, including briefing to the Second Circuit Court of Appeals. The Watts Petitioners have also expressed the view to this Court and the other parties that the ancillary proceeding is intended to proceed promptly under the applicable statutory scheme (see 18 U.S.C. section 853 (n)(4) envisioning ancillary hearing within thirty days of filing of the petition to the extent practicable) and, consistent with the prior rulings of this Court and the Court of Appeals, must proceed well prior to the trial of Mr. Watts, given the demonstrated need of the Watts Petitioners for funds required for preparation for trial – including use of experts for, among other issues, document management and review and expert consultants regarding relevant accounting issues and financial transactions – as well as for the trial itself. Accordingly, the Watts Petitioners seek a reasonable briefing schedule within approximately one month as opposed to two and a half months, as requested by the government and Amalgamated Bank.

In response, the government disputes that the ancillary proceeding must proceed prior to Mr. Watts's criminal trial, and specifically rejects that such a result is required by this Court's or the Second Circuit's prior rulings, for reasons set forth in its prior submission. See June 6, 2012

Submission, Dkt. #547, at 3 n. 1 (questioning how funds could be used to pay for any future expenditures when amount of outstanding bills purportedly approaches $950,000).

II. <u>Discovery</u>

    A. The Watts Petitioners Seek to Proceed with Steps to <u>Help Narrow Discovery and Factual Issues in Dispute</u>

With respect to the second item listed by this Court in its June 12th Order, the Watts Petitioners have proposed that appropriate steps be taken promptly to help plan discovery and narrow the factual issues that may be in dispute prior to determination by the Court of the motions to dismiss. They have explained that such procedures are particularly appropriate in light of the provisions for an expedited hearing set forth in 21 U.S.C. § 853(n)(4)(providing that the hearing on an ancillary petition should take place within 30 days of the filing of the petitions "to the extent practicable and consistent with the interests of justice") and because, under F.R. Cr. P. 32.2(c)(1)(B), discovery is subject to the Court's discretion. The Court may in its discretion permit discovery "if the court determines that discovery is *necessary or desirable to resolve factual issues*." (Emphasis added). The Watts Petitioners have noted that, in order to make such a determination, the Court first needs to know what factual issues are in dispute and the first logical step in that process is for the parties to identify the factual issues in dispute. The Watts Petitioners have further noted that many – if not most – key issues of fact may not be in dispute, thereby making this effort one that may enable the Court properly to arrange its busy schedule and speed the process.

The Watts Petitioners have proposed that the government identify the specific issues of fact that it disputes in the petitions filed, and also identify what specific issues of fact underlie any affirmative defenses that the government is asserting. They propose this submission be made by July 13, 2012. Petitioners would then identify any specific issues of fact on the said affirmative defenses that they dispute within a week (by July 20, 2012). The Watts Petitioners have explained that such a procedure would put each party in a position to identify what discovery, if any, it deems necessary with regard to those specific disputed factual issues. They have noted that this would simplify and expedite the process of determining what specific issues of fact are in dispute; what, if any, discovery is necessary or desirable to resolve any such issues; and how

long the discovery process should take. The Watts Petitioners also believe this would help the parties and the Court address the last three items identified in the Court's Order of June 12: namely, to ascertain whether summary judgment motions may be appropriate, whether an evidentiary hearing is needed, and, if so, the length of any such hearing.

> B. The Government and Amalgamated Bank Seek to Have Motions to Dismiss Determined First and Oppose the Proposal of the Watts Petitioners Regarding the Discovery Process

With respect to the second item in the Court's Order, discovery, the government and Amalgamated Bank object on a number of grounds to the proposal of the Watts Petitioners. Their various positions and objections are set forth below.

First, the government and Amalgamated Bank take the position that engaging in discovery would be premature and counter-productive before the Court rules on the anticipated motions to dismiss. See United States v. Egan, No. 10-CR-191 (JFK), 2011 WL 798852, at *2 (S.D.N.Y. Mar. 7, 2011) (holding that third-party petitioner cannot commence discovery in ancillary proceeding until after court rules on government's motion to dismiss third party's claim) (citing Fed. R. Crim. P. 32.2(c)(1)(B) (authorizing discovery in ancillary proceeding, but only after Court rules on any motions seeking dismissal of petition)). The government urges this Court to follow the reasoning set forth in Egan and avoid the unnecessary labor and complication of discovery unless it becomes necessary:

> Requiring the claimant to wait until after the Government's motion to dismiss is resolved by the Court to pursue discovery is supported both by a strict reading of the rules and common sense: as a district court's task in deciding the Government's motion to dismiss is to resolve legal issues that might obviate further litigation, there is no practical reason to permit the claimants to request discovery at the motion to dismiss phase.

2011 WL 798852, at *2.

Second, the government and Amalgamated Bank view the Watts Petitioners' proposal as a request to engage in discovery

prior to resolution of the government's motion to dismiss. The government's position is that "identification" requests of the Watts Petitioners are tantamount to contention interrogatories that need not be answered until completion of discovery, after the factual bases for the Watts Petition are explored. Fed. R. Civ. P. 33(a)(2) ("[T]he court may order that the interrogatory [asking for a contention that relates to fact] need not be answered until designated discovery is complete, or until a pretrial conference or some other time."). The government contends that "narrowing" in the abstract form that the Watts Petitioners propose —— at the outset of the ancillary proceeding rather than through specific requests served during discovery —— is nonsensical because the government and Amalgamated Bank are entitled to explore <u>all</u> of the factual bases set forth in the Watts Petition. The government and the bank believe that the most efficient way of proceeding is for the Court to rule on the parties' respective motions to dismiss prior discovery in the ancillary proceeding.

Third, the government and Amalgamated Bank contend that no such identification of "disputed facts" in a third-party petition is authorized or contemplated by the governing statute or applicable Rule of Criminal Procedure. <u>See</u> 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2 (setting forth procedures for filing third-party petition). The government and Amalgamated Bank take the position that a claim in the ancillary proceeding serves only to identify the nature and extent of an interest asserted by a petitioner, not to outline causes of action or claims for relief. 21 U.S.C. § 853(n)(3); Stefan D. Casella, <u>Asset Forfeiture in the United States</u>, § 23-5, at n. 37.

Fourth, the government further maintains that, in the ancillary proceeding, there are no "affirmative defenses" upon which it bears the burden of proof. 21 U.S.C. 853(n)(6); <u>Pacheco v. Serendensky</u>, 393 F.3d 348, 351 (2d Cir. 2004) ("burden [falls] ultimately on the petitioner to prove her claim by a preponderance of the evidence"); <u>United States v. Porchay</u>, 533 F.3d 704, 709 (8th Cir. 2008) ("To prevail in a § 853(n) claim, [claimant] had to demonstrate by a preponderance of the evidence that she had a superior right, title, or interest in the seized property . . . ."); <u>United States v. Nava</u>, 404 F.3d 1119, 1125 (9th Cir. 2005) ("[T]he petitioner bears the burden of proving his right, title, or interest under Section 853(n)(6)."). The government believes that the absence of "affirmative defenses" in the ancillary proceeding is relevant to the Watts Petitioners' proposal because their proposal explicitly calls for the government to identify specific issues

of fact that "underlie any affirmative defenses that the government is asserting."

Fifth, the government and Amalgamated Bank submit that at least 90 days for document discovery followed by at least 90 days for depositions (of at least seven witnesses they have identified to date) is a reasonable estimate of the minimum period of discovery needed in the ancillary proceeding.[1] Nevertheless, the government remains doubtful that, as a practical matter, civil discovery can proceed prior to resolution of criminal proceedings against defendants Watts and Dupree.  That is because the government and Amalgamated Bank at present intend to seek, among other discovery, deposition testimony from defendants Watts and Dupree, as well as their respective counsel, concerning the purported assignment at the heart of the Watts Petition.  See, e.g., United States v. Becker, No. 10-40077-02-JAR, 2011 WL 836743, at *3-4 (D. Kan. Mar. 4, 2011) (holding that if defendant is convicted before co-defendant proceeds to trial, co-defendant may seek stay of ancillary proceeding in first defendant's case to avoid Fifth Amendment problems).  Likewise, to the extent that the Watts Petitioners seek testimony from any witness that the government intends to call at Mr. Watts's trial, the government may seek a stay to ensure that civil discovery does not interfere with the criminal proceeding.  Cf. 18 U.S.C. § 981(g) (requiring court to stay in rem forfeiture proceeding where civil discovery will adversely affect prosecution of related criminal case).

The government further contends that the Watts Petitioners' proposal —— to identify facts in dispute at the outset of the ancillary proceeding —— will not serve to protect any Fifth Amendment, attorney-client or work product privileges, which must be asserted in response to specific document requests propounded or deposition questions asked during discovery.  The government also maintains that Mr. Watts's claim to use funds to pay counsel of his choice can no longer implicate the Sixth Amendment, for reasons set forth in its May 11 and June 6, 2012 submissions (Dkt. ##539 and 547).

---

[1]   The Watts Petitioners state that these seven witnesses have not been identified to them.

…
…

    C.    Response of The Watts Petitioners to The Government's Objections to Their Proposal to Identify and Narrow Factual Issues in Dispute

The Watts Petitioners note that their proposal does not require engaging in actual discovery prior to resolution of the motions to dismiss, but rather proposes that the parties lay the groundwork for discovery by identifying and narrowing factual issues. The government and Amalgamated mischaracterize the Watts Petitioners' constructive proposal and try to diminish it as "abstract" and "nonsensical". The proposal is meant to be constructive by having all parties specifically identify issues known to be in dispute in a matter that has already lingered too long in this Court.

Further, the Watts Petitioners note that their proposal with respect to factual issues in dispute has nothing to do with burden of proof, and they submit that procedural issue is irrelevant to their proposal.

Finally, the Watts Petitioners note that the claimed intention of both the government and Amalgamated Bank to depose Mr. Watts and the defense counsel who have represented him in this criminal proceeding underscores the need for the proposal suggested by the Watts Petitioners. Clearly, the Court will want to ensure there is no unnecessary breach of a defendant's Fifth Amendment privilege regarding issues relating to any alleged criminal activity or any purported similar acts, and will also want to guard against any intrusions on attorney-client privilege and work product, particularly where, as here, the defendant has a Sixth Amendment right to counsel that is already at issue. Further, the Watts Petitioners have not mentioned to the government any need to depose its trial witnesses; indeed, if the issues of facts are identified and narrowed, that issue may likely not arise.

III. Requests by the Parties Regarding Oral Argument and Status Conference

The Watts Petitioners request that oral argument be scheduled on the motions to dismiss at the Court's convenience.

All parties request that a status conference be scheduled in the event that the Court denies either of the motions to dismiss.

Respectfully submitted,

| | |
|---|---|
| LORETTA E. LYNCH<br>United States Attorney<br>Eastern District of New York<br>By: _____/s/_____<br>Brian D. Morris<br>Michael L. Yaeger<br>David C. Woll<br>Assistant U.S. Attorneys<br>(718) 254-7000 | Counsel for Rodney Watts and<br>DePetris & Bachrach, LLP<br><br>_____/s/_____<br>Marion Bachrach<br>Ronald DePetris<br>DePetris & Bachrach, LLP |
| Counsel for Amalgamated Bank<br>___/s/_____<br>Robert Kipnees<br>Lowenstein & Sandler, LLP | |