

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

LDM:MLY:BDM  *271 Cadman Plaza East*
F.#2010R01153  *Brooklyn, New York 11201*

July 10, 2012

ECF and By Hand

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       Re:  United States v. Courtney Dupree
            Criminal Docket No. 10-627 (S-2)(KAM)

Dear Judge Matsumoto:

      The government respectfully writes in response to the June 25, 2012 letter filed pro se by witness Valerie Griffin requesting to be added as an interested party in the above-referenced criminal case. See June 25, 2012 Letter, Dkt. #554 (the "Griffin Letter"). Ms. Griffin seeks permission to file a third-party claim to forfeitable assets that were seized from various subsidiaries of GDC Acquisitions, LLC ("GDC"). See First and Second Preliminary Orders of Forfeiture, Dkt. ##520-521 (together, the "POFs"). As discussed below, Ms. Griffin's application should be denied as untimely and futile.

I.   Ms. Griffin Has Not Demonstrated Any Basis For Excusing Her
      Failure To Comply With The Deadline For Filing A Petition__

      Ms. Griffin represents that she did not learn that she could file a petition until June 8, 2012. See Griffin Letter, at ¶ 3. Even if that was the case, Ms. Griffin still had over a month to file her petition before expiration of the claims deadline on July 9, 2012, as explained below.

      Ms. Griffin suggests that the deadline for her to file a petition expired on June 12, 2012, based upon the Court's Order entered on that date. See Griffin Letter, at ¶¶ 1 and 3; June 12, 2012 Order. Ms. Griffin is mistaken. The filing deadline that the Court referenced in its Order was only "for parties that were provided direct written notice" of the POFs. See June 12, 2012 Order. Ms. Griffin concedes, however, that

she was not among those provided with direct written notice of the POFs.  See Griffin Letter, at ¶¶ 3; Certificate of Service, Dkt. #538.  Accordingly, Ms. Griffin's deadline for filing a petition did not expire until thirty-two days after the government's final publication, on June 7, 2012, of notice of the POFs.  See 21 U.S.C. § 853(n)(2) (providing for a period of thirty days from date of final publication for claimant to file petition); Local Civ. R. 6.4 (providing that, in computing any period of time, if last day of period falls on weekend or legal holiday, then period continues to run until end of next business day); Declaration of Publication, Dkt. #553.

Courts typically require "strict compliance" with the rules and deadlines governing forfeiture proceedings.  United States v. Amiel, 995 F.2d 367, 371 (2d Cir. 1993) (collecting cases applying standard).  Since the deadline for Ms. Griffin to file a claim expired on July 9, 2012, any claim filed by her after that date would be time-barred.  See, e.g., United States v. Brown, No. 02-30021, 2004 WL 243491, at *14 (5th Cir. Feb. 11, 2004) (holding late claim was properly dismissed on grounds that such claim did not constitute amendment to timely claim filed by corporate entity), judgment vacated and remanded sub nom., Pearson v. United States, 543 U.S. 1116 (2005) (remanded for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005)).  Moreover, Ms. Griffin offers no explanation for her inability to comply with the statutory deadline for filing a claim or why her failure to comply with that deadline should be excused.

II.  As An Unsecured Creditor, Ms. Griffin Lacks Standing
     To Pursue A Claim In The Ancillary Proceeding

Even if Ms. Griffin had established a basis for excusing her failure to comply with the deadline for filing a petition in the ancillary proceeding, her claim would be futile.  Ms. Griffin alleges that, as a former employee of "GDC Acquisitions, LLC/Hudson Bay Environments Group, LLC," she is owed a total of $17,702.65 in wages, vacation pay and payroll deductions arising from past services that she rendered to the company.  See Letter, at ¶ 2.

Thus, Ms. Griffin is, at best, a general creditor of GDC with a right to payment from her former employer, but with no ownership or security interest in any of the specific assets ordered forfeited in the POFs.  United States v. Agnello, 344 F. Supp. 2d 360, 372-73 (E.D.N.Y. 2003) (Gershon, J.) (holding that general creditor only has right to payment, but not ownership of

specific funds ordered forfeited); United States v. Schwimmer, 968 F.2d 1570, 1581 (2d Cir. 1992) (holding that general creditor "does not have a property interest superior to defendant's in any particular asset until he has obtained some judgment and secures that asset or those funds.").

      The Second Circuit has adopted the position, shared by many of its sister circuits, that a general creditor such as Ms. Griffin does not have standing to pursue a claim in an ancillary proceeding.  See DSI Assocs. LLC v. United States, 496 F.3d 175, 184 (2d Cir. 2007) (holding that claimant without interest in a "particular, specific asset" lacks standing to pursue claim under Section 853(n)).  That is because although a general creditor may be owed money and have the right to demand payment, a general creditor does not have any interest in particular asset or fund.  Agnello, 344 F. Supp. 2d at 372 (citing Schwimmer, 968 F.2d at 1580-81); see also United States v. Ribadeneira, 105 F.3d 833, 836 (2d Cir. 1997) (distinguishing between interest in "particular, specific asset" and "general interest in an entire forfeited estate or account."); United States v. All Funds on Deposit (Kahn), 955 F. Supp. 23, 26 (E.D.N.Y. 1997) (Gershon, J.) (distinguishing claim of entitlement to payment from interest in particular account). Thus, even if Ms. Griffin were permitted to submit an untimely petition as an unsecured, general creditor of GDC, Ms. Griffin would lack standing to pursue her claim in the ancillary proceeding.  DSI Assocs. LLC, 496 F.3d 175 at 18; Schwimmer, 968 F.2d at 1580-81; Ribadeneira, 105 F.3d at 836; Khan, 955 F. Supp. at 26.

III. Ms. Griffin's Claim Would Also Fail On The Merits

      Without a specific legal right, title or interest in forfeited property, general creditors like Ms. Griffin are also unable to satisfy either of the standards set out in 21 U.S.C. § 853(n)(6) to establish that their legal interest in forfeited property is superior to that of the government's.  DSI Assocs. LLC, 496 F.3d 175 at 184; see also Schwimmer, 968 F.2d at 1580-81 (holding that general creditors do not meet requirements of Section 853(n)(6)(A) because they "have no claim of vested entitlement to the forfeited property and no interest that was superior to the interest of the defendant at the time he committed the criminal acts."); Ribadeneira, 105 F.3d at 836 (extending rationale in Schwimmer to Section 853(n)(6)(B)). Thus, for the same reason that Ms. Griffin lacks standing to proceed in the ancillary proceeding, her claim would fail on the merits.

IV. Conclusion

For the reasons discussed above, Ms. Griffin has failed to demonstrate any grounds for allowing her to file an untimely petition in the ancillary proceeding. Even if Ms. Griffin were permitted to file a petition, however, as a general creditor of GDC she would be unable to establish standing in the ancillary proceeding or prevail on the merits. Accordingly, Ms. Griffin's request to be added to this case as an interested party should be denied. See United States v. Carmichael, 440 F. Supp. 2d 1280, 1282 (M.D. Ala. 2006) (denying unsecured creditor's petition as both untimely under Section 853(n)(2) and futile under Section 853(n)(6)(A) or (B)).

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

By: /s/
Brian D. Morris
Michael L. Yaeger
David C. Woll
Assistant U.S. Attorneys
(718) 254-7000

cc: By ECF
All Counsel of Record

By Certified Return Receipt Mail
Valerie Griffin
1512 Townsend Avenue #5Q
Bronx, NY 10452